UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADAM WARLOW,** *Plaintiff* v. **BRIGHT EYE SOLAR, LLC., and JAMES NODEN, INDIVIDUALLY,** *Defendants.* | Case No. 2:22-CV-01143-MJH **CLASS/COLLECTIVE ACTION COMPLAINT** |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff, Adam Warlow, brings this class action on behalf of himself and putative class of similarly situated persons, by and through undersigned counsel, and files this Complaint against Defendant, Bright Eye Solar, LLC. ("Bright Eye Solar"), and James Noden, Individually ("Mr. Noden") (collectively "Defendants"), to recover from Defendants overtime pay as required by Fair Labor Standards Act ("FLSA"), and for violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §333.101, *et seq*. In support thereof, Plaintiff states as follows:

### PARTIES

1. Plaintiff, Adam Warlow, (hereinafter "Plaintiff" or "Mr. Warlow") is an adult individual residing in Lititz, Pennsylvania.

2. Defendant, Bright Eye Solar, is a Pennsylvania limited liability company which has a principal place of business at 1200 Corporate Blvd #16, Lancaster, Pennsylvania 17601.

3. Based on information and belief, at all times material hereto, Mr. Noden was an individual resident of Lancaster County, Pennsylvania.

4. At all times material hereto, Mr. Noden was, and continues to be owner of Bright

Eye Solar.

5. Mr. Noden managed the day-to-day operations of Bright Eye Solar and regularly exercised the authority to: (a) hire and fire employees of Bright Eye Solar, including authorizing the hire and fire of Plaintiff; (b) determine the work schedules for the employees of Bright Eye Solar, including Plaintiff; and (c) control the finances and operations of Bright Eye Solar.

6. Mr. Noden is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of Bright Eye Solar towards Plaintiff.

7. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

9. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

10. At all times material hereto, Defendant Bright Eye Solar was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant Bright Eye Solar was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, Ford trucks, and computers, which were used directly in furtherance of Defendant's business.

13. At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendants.

## JURISDICTION AND VENUE

14. Defendant Bright Eye Solar is a limited liability company based in Lancaster, Pennsylvania.

15. Venue is proper in this Court as the cause of action alleged herein arose in Lancaster County, Pennsylvania.

16. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), and 28 U.S.C. §§ 2201-2202.

17. This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his FLSA overtime claim.

18. Plaintiff is an employee covered by the PMWA, and the FLSA.

19. According to its website, Defendant Bright Eye Solar is a company providing residential and commercial solar electric installation services with locations in Lanaster, Pennsylvania, Emmaus Pennsylvania, and Parkton, Maryland.

20. Defendants are an employer covered by the record-keeping, minimum wage, wage payment and overtime pay mandates of the PMWA and FLSA.

## FACTS

21. On or about December 2019, Defendants initially hired Plaintiff to work as a non-exempt solar panel installer. In the following years, Plaintiff was promoted and worked as a service technician, lead trainer, and commercial electrician.

22. In each of these positions, Plaintiff was paid an hourly rate.

23. While these positions, Mr. Warlow was required to drive to assigned locations in

Defendants' company vehicle.

24. All of the driving Plaintiff did in the company vehicle was part of his continuous workday as defined by the FLSA.

25. Defendants acknowledged that the drive time hours were compensable, and paid Plaintiff for those hours at his regular hourly rate.

26. Plaintiff was often required to work 55 or more hours in a workweek, inclusive of the time he spent driving to assigned locations.

27. Defendants failed to include Plaintiff's driving time in his hours for purposes of calculating overtime pay.

28. Instead, Defendants paid Plaintiff his regular hourly rate for any time he spent while driving to various locations assigned by Defendants.

29. Plaintiff worked over forty hours in many workweeks in the three years before the Complaint in this matter was filed.

30. When Plaintiff worked drive-time hours in excess of forty hours in a workweek, he was not paid at time and one half his regular rate for his drive-time hours over forty.

31. Plaintiff was entitled to be paid overtime premiums for all hours worked in excess of forty in a workweek.

32. Upon information and belief, including in Plaintiff's experience, Defendants' other hourly service employees, including those occupying positions known as "L1," "L2," "Installer," and "Service Technician" were also not paid overtime premiums for hours over forty spent in compensable drive-time.

33. Defendants' other hourly service employees, including those occupying positions known as "L1," "L2," "Installer," and "Service Technician," are referred to herein as "those similarly situated" or "the putative class/collective."

34. Defendants made no provisions to pay Plaintiff, or those similarly situated, overtime premiums for all overtime hours worked, due to Defendants' policy of not paying overtime premiums for compensable drive-time hours over forty in a workweek.

35. Defendants' violations of the FLSA and PMWA were willful, as Defendant knew, or with reasonable diligence should have known, that Plaintiff and those similarly situated were working overtime hours, and that overtime premiums were due to Plaintiff, and to their other employees.

36. Specifically, Defendant Noden mentioned to Plaintiff that the Department of Labor ("DOL") had conducted an investigation into Defendants pay practices. As a result of this investigation, Defendant Noden stated to Plaintiff that he considered restructuring its pay structure, because overtime was being unpaid. However, Defendant Noden never made any change, despite being specifically aware of the FLSA's requirements.

## CLASS/COLLECTIVE ALLEGATIONS

37. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on those similarly situated.

38. Plaintiff brings his PMWA, and FLSA claims for unpaid overtime on behalf of

> All hourly service employees of Defendants who, during any time within the three years before the filing of the Complaint in this matter were paid for drive time hours over forty at a rate of less than one and one half times their regular rates of pay.

39. Upon information and belief, the class includes over forty (40) individuals, all of whom are readily ascertainable based on Defendants' payroll records and are so numerous that joinder of all class members is impracticable.

40. Based on his personal observations during his years of working for Defendants in multiple capacities, Plaintiff is aware that the illegal practices described herein were applied to a many of Defendants' employees during the time he was employed by Defendants.

41. Plaintiff and other employees he seeks to represent were not paid overtime premiums for hours over forty spent driving to assigned locations.

42. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA are the product of generally applicable, systemic policies and practices which are not dependent on the circumstances of each individual employee.

43. Because he was subject to common policies and practices while working for Defendants, Plaintiff's experiences, and the violations to which he was subject are typical of those experienced by employees who were also subject to Defendants' policy of paying its employees only their regular rate of pay for time spent driving to assigned locations, regardless of whether such hours were overtime hours.

44. The specific job titles or precise job locations of the other employees subject to the policy described does not prevent class or collective treatment, because they were subject to a common payroll policy which, on its face, is unlawful.

45. Plaintiff has no interests contrary to, or in conflict with, the members of the class of individuals he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA, and PMWA.

46. A class and collective action, such as the instant one, is superior to other available

means to achieve efficient and fair resolution of this action.

47. Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendants will receive improper benefit, even though it engaged in willful, systemic and egregious violations of the FLSA, and PMWA.

48. Furthermore, even in the event that other putative class members sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court.

49. Litigating this matter as a class action promotes judicial economy.

50. Questions of law and fact common to those Plaintiff seeks to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

    a. Whether Defendants employed these employees within the meaning of the FLSA, and the PMWA;

    b. Whether each Defendant is an employer under the FLSA, and PMWA;

    c. Whether the drive time at issue is compensable drive time which should have counted towards overtime hours and compensation;

    d. Whether the employees were improperly denied overtime premiums for hours worked over forty;

    e. Whether Defendants' failure to pay overtime premiums for overtime drive-time hours was in good faith; and

    f. Whether the violation of the FLSA was willful.

51. Plaintiff is a class member: his claims are typical of the claims of other class members, and Defendants' corresponding defenses are typical of the claims or defenses applicable

to the class members because, among other things, and all claims arise from on the same legal theories and remedies. Further, the allegations made by Plaintiff—namely, that Defendants violated the PMWA's, and FLSA's compensation provisions by failing to compensate at an overtime rate for drive-time hours over forty—align sufficiently with the interests of other class members so that Plaintiff's pursuit of his interests will benefit all class members.

52. There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a collective or class action.

53. While the amount of damages may vary to some degree between members of the class or collective, the facts establishing liability are common. Moreover, calculations as to damages will be largely a matter of mathematical calculation based on Defendants' pay and time records. Therefore, this issue does not affect the ability of this matter to proceed as a class or collective.

54. Plaintiff will fairly and adequately assert and protect the interests of all class members because among other things:

    (a) Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members;

    (b) Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class members; and

    (c) The putative class' interests will not be harmed because counsel for the Plaintiff has adequate financial resources to prosecute this litigation properly.

55. Class certification is appropriate under Rule 23 of the Federal Rules of Civil

Procedure because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

56. Plaintiff incorporates by reference Paragraphs 1-55, above, as if fully set forth herein.

57. Throughout his employment, Plaintiff worked in excess of forty (40) hours in many workweeks.

58. Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

59. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

60. Those similarly situated to Plaintiff also were not paid overtime premiums for hours over forty in a workweek, due to the common pay policy pursuant to which they were only paid their regular rate of pay for any time spent driving.

61. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and the putative class, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when it knew, or reasonably should have known, that such was, and is, due. Defendants were investigated by the DOL and knew their pay practices were improper but failed to restructure.

62. Defendants failed to properly disclose or apprise Plaintiff, and putative class of similarly situated persons, of their rights under the FLSA.

63. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and putative class of similarly situated persons, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

64. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## CLAIM FOR OVERTIME UNDER THE PMWA

65. Plaintiff incorporates by reference Paragraphs 1-55, above, as if fully set forth herein.

66. Defendants are employers covered by the PMWA.

67. Pursuant to the PMWA, employees who are not exempt from the overtime provisions of the law are entitled to compensation at the rate of one and one-half times their regular rate for all hours worked over 40 in any workweek. See 43 P.S. § 333.104.

68. Plaintiff and the class he seeks to represent were subject to common pay policies, pursuant to which their rights to be paid proper overtime premiums, and for all hours worked in weeks in which they worked overtime hours, were violated.

69. Defendants failed to pay all hours worked, and failed to pay overtime premiums as required by law to Plaintiff and all other individuals who within three years from the date the Complaint in this matter was filed: worked over forty hours in one or more workweeks but were not compensated overtime premiums of all hours.

70. The PMWA provides that any employer who violates the provisions of Section 207 of the law shall be liable to the employee affected in the amount of his unpaid overtime compensation, together with costs and such reasonable attorney's fees incurred. See 43 P.S. §

333.113.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Adam Warlow on behalf of himself and the putative class/collective, seek the following relief:

A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B. An Order requiring Defendants to provide contact information for members of the class/collective sufficient to send the notice described in paragraph A., above.

C. An Order finding Defendants liable to Plaintiff and those similarly situated for unpaid wages under Section 16(b) of the FLSA and the PMWA, as well as for liquidated damages equal in amount to their unpaid compensation under the FLSA;

D. An Order designating a class under the PMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. An Order appointing Plaintiff as the Lead Plaintiff and his counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

F. An Order awarding unpaid overtime wages (including wages for all regular hours worked in weeks in which overtime is due);

G. An Order awarding Prejudgment interest to the extent not duplicative of liquidated damages awarded;

H. An Order awarding liquidated damages and penalties;

I. An Order awarding reasonable litigation costs, expenses, and attorney's fees; and

J. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 5th day of December, 2023.

                                                  Respectfully submitted,

                                                  */s/ Angeli Murthy*
                                                  Angeli Murthy, Esq.
                                                  PA Bar No.: 93699
                                                  MORGAN & MORGAN, P.A.
                                                  8151 Peters Road, Suite 4000
                                                  Plantation, FL 33324
                                                  Phone: (954) 327-5369
                                                  Fax: 954-327-3016
                                                  E-mail:  amurthy@forthepeople.com
                                                  *Trial Counsel for Plaintiff*